NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

MAYO CLINIC, a foreign non-profit corporation d/b/a MAYO CLINIC
ALIX SCHOOL OF MEDICINE; KRYSTAL RENSZEL; DENISE DUPRAS;
and RYAN CHADHA, *Petitioners,*

*v.*

D. DOE, *Respondent.*

No. 1 CA-SA 25-0164

FILED 08-12-2025

---

Appeal from the Superior Court in Maricopa County
No. CV2024-034143
The Honorable Peter A. Thompson, Judge

**JURISDICTION ACCEPTED; RELIEF GRANTED**

---

COUNSEL

Husch Blackwell LLP, Phoenix
By Brendan A. Melander
*Counsel for Petitioners*

Taylor & Gomez, LLP, Phoenix
By Benjamin Taylor
*Co-Counsel for Respondent*

Bihn & McDaniel, P.L.C., Phoenix
By Martin A. Bihn
*Co-Counsel for Respondent*

Law Office of Michael Eskander, P.L.C., Mesa
By Michael S. Eskander
*Co-Counsel for Respondent*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Angela K. Paton joined.

---

**T H U M M A**, Judge:

**¶1**　　　　This special action arises out of defamation and breach of contract claims Respondent "D. Doe" brought against Petitioners Mayo Clinic and some Mayo employees. Petitioners challenge the denial of their motion to unseal the case and to vacate an order allowing Respondent to proceed pseudonymously. Accepting special action jurisdiction, this court grants relief and remands for further proceedings.

**PROCEDURAL BACKGROUND**

**¶2**　　　　On January 3, 2025, Respondent filed an ex parte "Motion for Rule 5.4 ARCP Relief (Sealing Records),"[1] asking the court to: (1) "seal the entire case file to preserve [Respondent's] anonymity;" (2) seal specific pages of certain filed documents; *and* (3) recognize that Respondent's "identity must remain confidential" and "redact [Respondent's] name from the caption and allow him to proceed by pseudonym." Along with the motion, Respondent submitted a three-page proposed order reflecting the relief requested. Granting the motion, on January 9, 2025, the court entered an ex parte "Order Granting [Respondent] Rule 5.4 ARCP Relief," using the sealing order Respondent submitted. The terms of that sealing order are at the core of this special action.

**¶3**　　　　Stating it addresses "specific findings required by" Rule 5.4, the sealing order "finds that sealing the entire case is a reasonable restriction and necessary . . . [and] that no less restrictive alternative exists." Then, however, the sealing order directs the clerk of court to seal specific portions of certain filed documents. The sealing order also "authoriz[es] [Respondent] to proceed by pseudonym" and directs that Respondent's name in the caption be replaced "with pseudonym D. Doe." The sealing

---

[1] "Rule 5.4" is Arizona Rule of Civil Procedure 5.4 ("Sealing and Unsealing Court Records") discussed below.

order directed Respondent to "refile the complaint unsealed using a pseudonym in place of [Respondent's] name."

¶4      Later in January 2025, Respondent filed a new complaint using D. Doe as a pseudonym. In March 2025, Petitioners filed an answer and a "Motion to Unseal Case and Revoke Order Permitting [Respondent] to Proceed Pseudonymously." On May 16, 2025, after full briefing, the court denied Petitioners' motion to unseal, stating "After careful consideration of the record and all points and authorities, the Court is not persuaded that the original ruling on [Respondent's Rule] 5.4 Motion is incorrect." In mid-June 2025, Petitioners filed this special action challenging that denial. Along with the petition, this court authorized and has considered Respondent's response and Petitioner's reply and related filings. *See* Ariz. R.P. Spec. Act 14.

## DISCUSSION

¶5      Whether to accept special action jurisdiction is a discretionary decision. *See* Ariz. R.P. Spec. Act. 12(a). Here, Petitioners have no current right to appeal, meaning any remedy by appeal is not "equally plain, speedy, and adequate." *Id.* Similarly, addressing the issues presented in the Petition "will materially advance the efficient management of the case." Ariz. R.P. Spec. Act 12(b)(7). Accordingly, this court accepts special action jurisdiction. *See* Ariz. R.P. Spec. Act. 12(a). The question then becomes whether Petitioners are entitled to relief. *See* Ariz. R.P. Spec. Act. 4.

¶6      Petitioners argue the order denying their motion to unseal failed to provide required reasons for that ruling, adding that the sealing order should not have sealed the entire case, does not comply with Rule 5.4, and should not have allowed using a pseudonym. Respondent counters that the court provided adequate reasons for denying the motion to unseal, that the sealing order did not seal the entire case but only certain filings or portions of filings, that it complied with Rule 5.4, and that the reference in Rule 5.4(c)(3)(B) to sealing "portions" of a document authorizes using a pseudonym.

¶7      Rule 5.4(h), which governs Petitioners' motion to unseal, states that:

> On motion by any person . . . , the court may order that a document be unsealed based on the standards of Rule 5.4(c)(2). The court's order must state the reasons for unsealing the

> document or, if the order denies a motion to
> unseal the document, the reasons for denying it.

Ariz. R. Civ. P. 5.4(h). "Under Rule 5.4, the court is required to analyze the same factors to unseal a document as it is to seal it." *See Ctr. for Auto Safety v. Goodyear Tire & Rubber Co.*, 247 Ariz. 567, 573 ¶ 25 (App. 2019) (addressing sealing of court filings containing trade secrets, which are not at issue here). Rule 5.4(c)(2), in turn, states:

> [A] court may order that a document may be filed under seal *only if* it finds in a written order that:
> (A) an overriding interest exists that supports filing the document under seal and overcomes the right of public access to it;
> (B) a substantial probability exists that the person seeking to file the document under seal (or another person) would be prejudiced if it is not filed under seal;
> (C) the proposed restriction on public access to the document is no greater than necessary to preserve the confidentiality of the information subject to the overriding interest; *and*
> (D) no reasonable, less restrictive alternative exists to preserve the confidentiality of the information subject to the overriding interest.

Ariz. R. Civ. P. 5.4(c)(2) (emphasis added). "Unless the court determines that an entire category or type of document meets this rule's requirements, a court may not enter an order that gives advance authorization to file such documents under seal." Ariz. R. Civ. P. 5.4(c)(1). As applied, the sealing order, which Respondent supplied, does not comport with Rule 5.4(c)(2).

¶8 Given the language in the sealing order sealing the entire file, there would be no need to seal portions of specific filings or authorize Respondent to proceed by pseudonym. But that is what the sealing order does. Conversely, sealing portions of specific filings and allowing Respondent to proceed by pseudonym would negate a finding that sealing the entire file was required. That also would negate any finding that sealing the entire file was required because "no reasonable, less restrictive alternative exists to preserve the confidentiality of the information subject to the overriding interest." Ariz. R. Civ. P. 5.4(c)(2)(D). The sealing order also does not include findings regarding "an entire category or type of

document" that would "give[] advance authorization" to make filings under seal, further negating sealing the entire file. Ariz. R. Civ. P. 5.4(c)(1).

¶9 Turning to the filing of certain documents or portions of filings under seal, when discussing less restrictive alternatives, Respondent's motion to seal focused on either sealing the entire file or using a pseudonym:

> The only other potential less restrictive alternative is a combination of Court authorization for [Respondent] to proceed by pseudonym, and a confidentiality order precluding the parties from using [Respondent's] true name in court filed documents, third party discovery and at trial. [Respondent's] preference is to seal the case file in its entirety because that will eliminate the possibility of accidental public disclosure of confidential material in the court file.

Respondent's motion to seal concluded by arguing that the "Court must seal the entire case file to preserve [Respondent's] anonymity," but then also asked that "the Court seal pages 2 through 9 of this motion and attached Exhibits 1 and 2, . . . *or* redact [Respondent's] name from the caption and allow him to proceed by pseudonym." (Emphasis added.) The alternative request to proceed by pseudonym without sealing at least a portion of the filings would seem to negate a finding that sealing filings or portions of filings was required because "no reasonable, less restrictive alternative exists to preserve the confidentiality of the information subject to the overriding interest." Ariz. R. Civ. P. 5.4(c)(2)(D).

¶10 Finally, as to the use of a pseudonym, Petitioners are correct that Rule 5.4 does not expressly authorize that approach, while Respondent is correct that Arizona cases have recognized using a pseudonym. *See, e.g.*, *Doe v. Roe*, 191 Ariz. 313 (1998); *Mobilisa, Inc. v. Doe*, 217 Ariz. 103 (App. 2007); *accord Doe v. Arpaio*, 214 Ariz. 237, 238 ¶ 1 n.1 (App. 2007) ("The trial court allowed plaintiff Jane Doe to proceed pseudonymously. We continue that usage."). According to Respondent, logic suggests the reference to sealing "portions" of a document in Rule 5.4(c)(3)(B) contemplates redactions, which would allow for proceeding under a pseudonym. Petitioners argue that the sealing order "did not independently analyze the pseudonym issue and incorporated it within the Rule 5.4 sealing analysis."

The parties' competing positions on using a pseudonym rely on federal cases, even though the issue here is one of state procedure.

**¶11**        Case filings are presumptively open for public inspection. *See* Ariz. R. Sup. Ct. 123(d). The party seeking to alter that presumption must meet the Rule 5.4 burden for sealing, including that "no reasonable, less restrictive alternative exists to preserve the confidentiality of the information subject to the overriding interest" that supports filing a document under seal. Ariz. R. Civ. P. 5.4(c)(2)(D). Any sealing order must be narrowly tailored. *See Saguaro Healing, LLC v. Superior Court*, 255 Ariz. 505, 508 ¶ 12 (App. 2023) (vacating "overly broad" sealing order). Here, the sealing order can be read as being inconsistent in (1) its scope and what is (and is not) sealed; (2) whether what is sealed was done because "no reasonable, less restrictive alternative exists to preserve the confidentiality of the information subject to the overriding interest;" (3) whether any sealing is appropriate and (4) the basis for using a pseudonym.

**¶12**        Given these issues, the order denying the motion to unseal is vacated, the sealing order is vacated and this matter is remanded for further consideration by the superior court of these issues to decide whether to issue a revised sealing order in compliance with Rule 5.4.

**CONCLUSION**

**¶13**        Accepting special action jurisdiction, this court grants relief by vacating the May 16, 2025 order denying the motion to unseal, vacating the January 9, 2025 sealing order and remanding for further proceedings consistent with this decision.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:              JR

6